**IT IS SO ORDERED.**



ENTERED PURSUANT TO ADMINISTRATIVE ORDER
NO. 08-02: KENNETH J. HIRZ, CLERK OF COURT

BY:  /s/ Nancy Testa
       Deputy Clerk

Dated: August 25, 2010 03:37:46 PM

```
              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF OHIO

                            *
                            *
IN RE:                      *   CASE NUMBER 10-42609
                            *
LAURI ANN KOLOSKEE          *   CHAPTER 13
                            *
                            *   HONORABLE KAY WOODS
                            *
        Debtor.             *
                            *
****************************************************************
                     CONFIRMATION ORDER
****************************************************************
```

The above named debtor and/or debtors in a joint case ("Debtor") filed a Chapter 13 Plan ("Plan") on July 13, 2010. The Standing Chapter 13 Trustee ("Trustee") has (i) conducted the First Meeting of Creditors pursuant to 11 U.S.C. § 341 ("341 Meeting"); (ii) filed a report with the Court subsequent to the 341 Meeting; and (iii) recommended the Plan for confirmation.

The Court having considered (i) the Trustee's recommendation, (ii) such other matters, if any, presented by Debtor and/or

Debtor's attorney, and (iii) objections, if any, to confirmation, the Court finds, as follows:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with all applicable provisions of Title 11 of the United States Code ("Bankruptcy Code").
3. Any fee, charge, or amount required to be paid before confirmation (i) under the Plan, or (ii) by 28 U.S.C. § 1930, has been paid.

IT IS THEREFORE ORDERED:

1. The Plan is confirmed.
2. The Plan is incorporated into this Order as if fully rewritten; provided, however, that if there are any inconsistencies between the Plan and this Order, this Order shall control.
3. The Plan may extend beyond its stated term, but not to exceed a total of sixty (60) months in duration, in order to carry out the provisions of this Order, without further application or notice pursuant to § 1322 of the Bankruptcy Code.
4. Trustee is authorized and permitted to send notices, Plan balance information, and other general information concerning the administration of the Plan directly to Debtor, pursuant to § 1302(b)(4) of the Bankruptcy Code.
5. Pursuant to Administrative Order 05-10 (which is incorporated by reference), Debtor is required to make the first payment pursuant to the Plan, in the amount proposed in the Plan,

within ten (10) days after the Order for Relief, notwithstanding anything to the contrary in § 1326(a)(1) of the Bankruptcy Code. Debtor shall, until further Order of the Court, make the periodic payments called for in the Plan ("Plan Payments") to Trustee at the following address: Michael Gallo, Trustee; P.O. Box 80; Memphis, TN 38101-0080.

6. If the Plan provides for Debtor to make post-petition payments directly to secured creditors (*e.g.*, mortgage payments), Debtor shall timely make those payments to the designated creditor(s).

7. Debtor is under a continuing duty to:
   a. cooperate with Trustee;
   b. disclose all income and assets to the Trustee;
   c. provide Trustee and the Court with notice of any change in status, as outlined in Article V of the Plan;
   d. pay all applicable taxes as they become due, including, but not limited to (i) income taxes to federal, state and local taxing authorities; (ii) local property taxes, except for taxes on property surrendered pursuant to the Plan; and (iii) sales and payroll taxes for which Debtor is personally liable; and
   e. maintain homeowner's and/or auto insurance for all assets that constitute secured collateral.

8. Absent prior authorization of the Court, and/or except as provided in Article VI of the Plan, Debtor shall not

a.  incur post-petition debt; or

   b.  transfer any interest in real property.

9.  Property of this bankruptcy estate shall consist of all items listed in §§ 541 and 1306 of the Bankruptcy Code, including, but not limited to: (i) all post-petition assets and income acquired by Debtor; and (ii) in accordance with Article I, Section 1B of the Plan, any Excess Tax Refunds.

10. Title to Debtor's property shall re-vest in Debtor as set forth in Article VIII of the Plan.

11. Provided Debtor's attorney has complied with the terms of Administrative Order 08-01, Debtor's attorney is authorized and permitted payment of attorney's fees in the amount specified in Administrative Order 08-01, to be paid by Trustee through the Plan.

12. Administrative expenses of Trustee shall be paid in full pursuant to §§ 503(b) and 1326(b)(2) of the Bankruptcy Code.

13. Trustee shall pay claims as filed, absent an objection by Debtor or other party in interest.  A creditor may file a proof of claim at any time prior to expiration of the bar date for filing proofs of claim in an amount other than as provided in the Plan.  A creditor may object to an amended or modified plan up to thirty (30) days after such amended or modified plan is filed, if the amended or modified plan changes the amount, classification, or priority of such creditor's claim. This order of confirmation shall not be *res judicata* to the Court's consideration of any timely filed proof of claim.

14. Creditors seeking to be paid under the Plan must file a proof of claim pursuant to Fed. R. Bankr. P. 3002. Trustee shall pay each creditor after a proper and timely proof of claim is filed or, subject to paragraph 13, above, after entry of an order authorizing payment. Pursuant to §§ 1325(b)(1)(B) and 1325(a)(5)(B)(iii)(1) of the Bankruptcy Code, Trustee shall make monthly payments to secured, priority and unsecured creditors pursuant to the Plan.

15. Secured creditors shall retain their liens, unless such lien is expressly avoided pursuant to Order of the Court. If this case is either dismissed or converted to a Chapter 7 case, the property of the estate shall remain subject to the liens existing at the time of the filing of the case subject to adjustments for the amount(s) paid under the Plan.

16. In the event a creditor liquidates or otherwise disposes of collateral that forms the basis for a secured claim (*e.g.*, after having obtained relief from stay), which results in a deficiency balance, such creditor is required to file a general unsecured claim for such deficiency the <u>later</u> of: (i) the time period provided for filing proofs of claim, or (ii) ninety (90) days after entry of a final Order directing the surrender or abandonment of the collateral. If liquidation of the collateral does not occur within the applicable time period in the preceding sentences, the creditor may file a proof of claim setting forth the estimated amount of the deficiency claim; if a deficiency claim is filed, the Creditor

5

shall be required to amend the proof of claim as soon as the amount of the deficiency is known. Failure to timely file a deficiency claim shall bar the Creditor from participation in distribution for such deficiency. The time period in this Order controls over any inconsistent period for filing a proof of claim in any Order for Relief entered pursuant to the Standardized Form for "Order for Relief From Stay and Abandonment in Chapter 13 Cases" in General Order 99-1 (as such General Order may be amended).

17. Each creditor shall credit payments received under the Plan in the manner required by Article VII of the Plan, including crediting payments designated as a cure of pre-petition arrearage to such pre-petition arrearage. Post-petition payments (whether made through or outside the Plan) shall be credited to post-petition amounts due and owing. Failure to so credit payments (i) may constitute a violation of § 524(a)(2) of the Bankruptcy Code and this Order, and (ii) may subject such creditor to the imposition of damages, under § 524(i), and/or sanctions by this Court.

18. If Debtor is: (i) current in making post-petition mortgage payments, (ii) current in making Plan Payments, and (iii) occupying the premises that is subject to the mortgage or deed of trust, then Mortgage Holders (as defined in the Plan) shall refrain from the imposition of monthly inspection fees, attorneys' fees, paralegal fees or other type(s) of bankruptcy monitoring fees without prior approval of the Court, after

6

notice and hearing.

19. Debtor is responsible for timely completion of all discharge requirements, including but not limited to filing (i) Form 23 to indicate completion of a course in personal financial management; (ii) certification related to domestic support obligations; and, (iii) if applicable pursuant to Administrative Order 08-11, certification related to § 1328(h) of the Bankruptcy Code. Once Debtor has made all required Plan Payments, Trustee shall file Chapter 13 Trustee Final Report and Account.

****************************************************************

**SUMMARY PLAN PAYMENTS - ATTORNEY FEE ALLOWANCE**:

1. Plan Payment: $ 260.97 per month .
2. Term: 60 Months.
3. Dividend to general unsecured creditors: 10 %.
4. Attorney Fee:   Allowed:   $ 3,000.00

   Amount paid:   $ 500.00

   Balance
   through Plan:  $ 2,500.00

# # #

7